IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23-CR-102 |
| vs. | **ORDER ON RESTITUTION** |
| JOEL G. ANDERSON, | |
| Defendant. | |

On May 29, 2024, the Court sentenced the Defendant, Joel G. Anderson, based upon his plea to distribution of child pornography. Filing 55 at 1. The Defendant's sentence included a 155-month term of imprisonment to be followed by five years of supervised release. Filing 55 at 2–3. However, the Court deferred ruling on the amount of restitution that was owed in this case because the Defendant and his counsel were not provided with sufficient time to consider supplemental documentation regarding two victim restitution requests that were received shortly before sentencing. The first restitution request was submitted by Eliza of the HG1 series. She requests $3,000.00 in restitution. The second restitution request was submitted by SV of the Sparkling Velvet series. She requests $3,000.00 in restitution.

On June 28, 2024, Counsel for the Defendant filed a document captioned, "STIPULATIUON AS TO RESTITUTION." Filing 57 at 1. In this Stipulation, Counsel for the Defendant notes that after the sentencing hearing took place he had an opportunity to consult with the Defendant "regarding the $3,000 restitution request by Eliza and the $3,000 restitution request by S.V." Filing 57 at 1. Counsel for the Defendant informs the Court that his client has instructed him "to stipulate that [the Defendant] does not contest either of these restitution requests, and that the Court should order restitution in the amount of $3,000 to Eliza and $3,000 to S.V." Filing 57

1

at 1. Counsel for the Defendant further advises the Court that his client instructed him "to inform the Court that Defendant waives his right to a restitution hearing as to the restitution requests made by Eliza and S.V." Filing 57 at 1. In light of this stipulation and the Defendant's express waiver of a restitution hearing, the Court can resolve this matter without a hearing.

The Court has reviewed the two restitution requests that were submitted in this case. Pursuant to 18 U.S.C. § 2259(b)(2)(A), the Court finds that the full amount of losses that were incurred or are reasonably projected to be incurred as a result of the trafficking in child pornography as to each identified victim in this case are as follows:

    a. After review of the packet provided by "Eliza" of the "HG1 Series," the Court finds the victim's losses total $999,024.93; and

    b. After review of the packet provided by "SV" of the "Sparkling Velvet Series," the Court finds the victim's losses total $1,000,000.00.

Having completed the total loss determination required under 18 U.S.C. § 2259(b)(2)(A), the Court will now determine the amount of restitution the Defendant shall pay "in an amount that reflects [his] relative role in the causal process the underlies [these victims'] losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2)(B). The Court concludes that $3,000.00 per victim is appropriate. *See* 18 U.S.C. § 2259(b)(2)(B). Accordingly, the Defendant shall pay restitution in the sum of $6,000.00 to the Clerk of the United States District Court, 111 South 18th Plaza, Suite 1152, Omaha, Nebraska 68102-1322, which restitution shall be paid, in turn, to the following victims:

    a. "Eliza" of the "HG1 Series"—$3,000.00;

    b. "SV" of the "Sparkling Velvet Series"—$3,000.00;

The Court further orders that interest on the foregoing orders of restitution is waived. Accordingly,

IT IS ORDERED:

1. Defendant Joel G. Anderson's request to waive his right to a restitution hearing, Filing 57 is granted;

2. Defendant Joel G. Anderson shall pay restitution to the victims identified in this Order in the amount set forth in this Order;

3. Interest on the Court's orders of restitution is waived; and

4. An Amended JCC will be filed.

Dated this 1st day of July, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge